UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AL WEISS,

        Plaintiff,

v.                                                           Case No.: 6:23-cv-120-WWB-EJK

AT&T MOBILITY, LLC.,

        Defendant.
_____/

### ORDER

THIS CAUSE is before the Court on Defendant's Motion to Compel Arbitration and Stay Case ("**Motion to Compel**," Doc. 15). United States Magistrate Judge Embry J. Kidd issued a Report and Recommendation ("**R&R**," Doc. 40), in which he recommends that Defendant's Motion be granted and the parties be ordered to submit this case to binding arbitration. Plaintiff filed an Objection (Doc. 42) to the R&R and Defendant filed an Opposition to Plaintiff's Objection (Doc. 43).

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v.*

*Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

Defendant AT&T Mobility, LLC seeks to enforce the arbitration provision set forth in its Customer Service Agreement with Plaintiff. In the R&R, Magistrate Judge Kidd recommends finding that there is a connection between Plaintiff's claims in this litigation—regarding the way in which his customer data was protected—and the Customer Service Agreement. (Doc. 40 at 4). In his Objection, Plaintiff argues that Magistrate Judge Kidd failed to apply the "substantial relationship" test recognized by Florida law. *See Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 638 (Fla. 1999). In response, Defendant argues that the *Seifert* test does not apply in this case.

Plaintiff merely posits that *Seifert* applies because the agreement at issue is governed by Florida law. (Doc. 42 at 2). However, as Defendant points out, courts have recognized that "[t]he significant relationship or contractual nexus test applies only where the arbitration agreement uses broad language that does not expressly include the claim at issue." *Lennar Homes, LLC v. Wilkinsky*, 353 So. 3d 654, 656 (Fla. 4th DCA 2023). Nevertheless, courts have also found that simply specifying the types of claims included alone is not enough. *Dewees v. Johnson*, 329 So. 3d 765, 772 (Fla. 4th DCA 2021). Rather, there must still be a sufficient nexus "such that it would be fair to presume this type of dispute . . . was intended to be subject to the arbitration provision contained in the" parties' agreement. *Id.*

Here, in addition to the broad "arising out of or relating to" language, the Customer Service Agreement explicitly states that the parties have agreed to arbitrate claims "based

in contract, tort, fraud, misrepresentation, or any other statutory or common-law legal theory[.]" (Doc. 1-2 at 2). Read together, it is clear that the agreement was intended to cover statutory claims related to the parties' dealings. Unlike the agreement in *Dewees*, the claims in this case are sufficiently related to and reasonably within the scope of the parties' business relationship such that it is fair to presume this is precisely the type of dispute that was intended to be subject to arbitration under the Customer Service Agreement. *See Lennar Homes*, 353 So. 3d at 656–57. Accordingly, Plaintiff has failed to convince the Court that *Seifert* applies or precludes arbitration in this case. *See Tyman v. Ford Motor Co.*, 521 F. Supp. 3d 1222, 1225 (S.D. Fla. 2021) ("The party seeking to avoid arbitration bears the burden of establishing that the agreement in question should not be enforced.").

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objection (Doc. 42) is **OVERRULED**.
2. The Report and Recommendation (Doc. 40) is **ADOPTED** and **CONFIRMED** and is made a part of this Order.
3. Defendant's Motion to Compel Arbitration and Stay Case (Doc. 15) is **GRANTED**.
4. Plaintiff shall submit his claims against Defendant to arbitration in accordance with the parties' agreements.
5. This case is **STAYED** pending arbitration. On or before **April 22, 2024**, and every 180 days thereafter, Defendant shall file a report as to the status of the arbitration proceedings. Additionally, Defendant shall notify this Court within fourteen days of the final resolution of the arbitration proceedings.

6. The Clerk is directed to administratively close this case.

**DONE AND ORDERED** in Orlando, Florida on October 25, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record